1832.

Sawyer
v.
Sawyer.

---

## SAWYER *vs.* SAWYER.

A bill can only be taken as confessed upon a personal service of the subpœna, except in the case of proceedings, under the revised statutes, against absent defendants ; or where the court orders the appearance of the defendant to be entered upon his being brought into court upon habeas corpus or other process.

Where the service of the subpœna has been upon the wife or servant of the defendant at his house or place of business, the complainant must proceed by attachment or other process to compel an appearance before the bill can be taken as confessed.

According to the practice of this court, a bill cannot be taken as confessed upon a substituted service.

THIS was an application on the part of the complainant to authorize a substituted service of the subpœna to appear and answer. The defendant filed a bill against his wife, the present complainant, before the vice chancellor of the eighth circuit, charging her with adultery, and praying for a divorce. She appeared and put in her answer in that suit, denying the allegations in the bill; and obtained an order for the allowance of alimony. Soon after the filing of that bill, the husband left the state and went to the south, from whence he has not returned. The complainant having filed her bill in this cause before the chancellor, to obtain a divorce on her part, she asked that a service of the subpœna upon the solicitor of the husband in the other suit might be deemed good service in this cause.

May 1.

*W. Kent,* for the complainant.

THE CHANCELLOR. By the practice of the English court of chancery, substituted service of the subpœna to appear and answer, was sometimes permitted. Such substituted service, how-

ever, as to original proceedings, was generally, if not exclusively confined to suits for injunctions to stay proceedings at law, and some other analogous cases. (1 *Sch. & Lef.* 238. *3 Bro. C. C.* 386, *and* 430, *n.*) I am not aware, however, even in those cases that the bill was taken as confessed upon such substituted service, unless the defendant caused his appearance to be entered, or he was in the custody of the proper officer of the court. But whatever may be the English practice on this subject, the revised statutes and the standing rules of this court prescribe the only modes in which an original bill can be regularly taken as confessed here. The manner of proceeding against absentees, who have no permanent residence or place of business within the state, is regulated by statute. (2 *R. S.* 185, *art.* 4.) The revised statutes also authorize the court to order the defendant's appearance to be entered where he is brought into court by habeas corpus, or other process. And in all cases, not otherwise provided for by law, bills are to be taken as confessed according to such rules as may be established by the chancellor. (2 *R. S.* 179, § 73, 74.) The 23d rule of this court authorizes the bill to be taken as confessed if the defendant neglects to appear upon the *personal* service of the subpœna. But there is no rule authorizing such a proceeding upon a substituted service, or even upon a service on the wife or servant of the defendant at his house or place of business. Upon such a service the complainant must proceed by attachment, or other process, to compel an appearance, before the bill can be taken as confessed. (*Rules* 27, 28.)

In the case under consideration the court cannot compel the solicitor of the husband in the other suit to appear for him in this; and the solicitor probably has no authority to do so. The substituted service would therefore be useless; and the complainant must proceed in the usual way, by advertising under the statute relative to absent defendants.